IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:17-CV-37-BO

| | | |
|---|---|---|
| KATHERINE GUE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| NANCY A. BERRYHILL | ) | |
| *Acting Commissioner of Social Security*, | ) | |
| | ) | |
| Defendant. | ) | |

This cause comes before the Court on cross-motions for judgment on the pleadings, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. A hearing was held on these motions before the undersigned on April 25, 2018, in Edenton, North Carolina. For the reasons discussed below, the decision of the Commissioner is reversed.

## BACKGROUND

Plaintiff brought this action in accordance with 42 U.S.C. § 1383(c)(3) for review of the final decision of the Commissioner denying her claim for disability insurance benefits ("DIB") under Title II of the Social Security Act and supplemental security income ("SSI") under Title VXI of the Social Security Act. September 12, 2013, plaintiff protectively filed applications for DIB and SSI, alleging disability beginning on August 9, 2012. After initial denial and reconsideration, a hearing was held before an ALJ on May 25, 2016. On July 26, 2016, the ALJ issued an unfavorable ruling, finding that plaintiff could return to her past relevant work and was not disabled. The decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then timely sought review of the Commissioner's decision in this Court.

DISCUSSION

Under the Social Security Act, 42 U.S.C. §§ 405(g), and 1383(c)(3), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other line of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process, however, the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

2

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Pt. 404, Subpt. P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity ("RFC") is assessed to determine if the claimant can perform her past relevant work. If so, the claim is denied. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on her age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then she is found to be disabled. See 20 C.F.R. § 416.920(a)(4).

Here, the ALJ found at step one that plaintiff had not engaged in substantial gainful activity since her alleged onset date. Plaintiff's degenerative disc disease of the lumbar and cervical spine, with herniated disc of the lumbar spine, was considered a severe impairment at step two, but was not found to meet or equal a Listing at step three. At step four, the ALJ determined that plaintiff had the RFC to perform light work with additional exertional limitations, only occasionally stooping, crouching or kneeling. The ALJ found that plaintiff could return to her past relevant work as a sales associate and waitress. At step five, the ALJ went on to find in the alternative that the application of medical-vocational Rule 202.07, when applied to her age, RFC, and vocational profile, merited a finding of not disabled. Thus, the ALJ determined that plaintiff was not disabled within the meaning of the Act.

The ALJ's findings are not supported by the record. The ALJ erred in finding that plaintiff did not meet a Listing. An impairment meets Listing 1.04 when there is proof of a disorder of the spine, such as degenerative disc disease, that results in the compression of a nerve root or a spinal cord. Evidence of compression of the nerve root can be characterized by "neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine). 20 C.F.R. § 404, Subpart P, Appendix 1, Listing 1.04. So, to meet or equal a listing, a plaintiff must have first a disorder, and second evidence of a particular manifestation. In order to establish the chronic nature of a condition, a plaintiff need not demonstrate every symptom simultaneously. *See Radford v. Colvin*, 734 F.3d 288 (4th Cir. 2013).

Here, plaintiff unquestionably suffers from degenerative disc disease. The record also shows that she has evidence of nerve root compression, and the ALJ's finding that she did not meet a listing was not supported by substantial evidence. The ALJ erred in determining that "the medical evidence of record does not reveal the extent of nerve root compression." (Tr. at 23). To the contrary, there was significant evidence in the record, corroborated by multiple physicians, of radicular pain, decreased range of motion of both the spine and hip, and weakness. She was referred for neurology and physical therapy. (Tr at 403). Additionally, one physician noted positive straight leg raising.

The Listing provides ways to determine whether there is evidence of nerve root compression. This evidence is clearly described, and includes limited motion, pain distribution, or muscle weakness. That evidence is present in this case, indicated by her treating physicians. Plaintiff has demonstrated evidence of nerve root compression. That, in combination with her

4

diagnosis of degenerative disc disease, shows that her nerve root is compromised. Accordingly, plaintiff meets Listing 1.04, and disability is conclusively presumed.

Alternatively, the ALJ erred when it went on to find that plaintiff could do more than sedentary work. In order to do light work, a plaintiff must be able to stand and walk for six hour of an eight hour work day, as well as lift and carry up to 25 pounds. SSR. 96-9p. Here, plaintiff's back and radicular leg pain, weakness, and limited range of motion as described above preclude her ability to do these things. Her chronic back pain also requires her to lie down for long periods of time, affecting her ability to stand and walk for six hours a day. In order to discount this evidence, the ALJ disregarded plaintiff's treating physician, Dr. Sanchez. While an ALJ is not bound to adopt a medical opinion when other evidence in the record contradicts it, 20 C.F.R. §§ 404.1545(a)(3); 416.945(a)(3), the ALJ was able to provide little evidence to justify the decision here, focusing on the fact that Dr. Sanchez stated he examined claimant two to four times a year, when in fact he saw her nine times from 2011-2016, with a two-year gap during a period in which plaintiff did not have insurance. The ALJ erred in not considering the opinion of plaintiff's treating physician, and the ALJ's finding that plaintiff could do light work is unsupported by the record. The evidence shows plaintiff is limited to sedentary work. As plaintiff was over the age of 55 at the alleged onset date, this directs a finding of disability pursuant to Medical Vocational Rule 201.06.

The decision of whether to reverse and remand for benefits or reverse and remand for a new hearing is one that "lies within the sound discretion of the district court." *Edwards v. Bowen*, 672 F. Supp. 230, 237 (E.D.N.C. 1987); *see also Evans v. Heckler*, 734 F.2d 1012, 1015 (4th Cir. 1984). When "[o]n the state of the record, [plaintiff's] entitlement to benefits is wholly established," reversal for award of benefits rather than remand is appropriate. *Crider v. Harris*,

624 F.2d 15, 17 (4th Cir. 1980). The Fourth Circuit has held that it is appropriate for a federal court to "reverse without remanding where the record does not contain substantial evidence to support a decision denying coverage under the correct legal standard and when reopening the record for more evidence would serve no purpose." *Breeden v. Weinberger*, 493 F.2d 1002, 1012 (4th Cir. 1974).

The Court in its discretion finds that reversal and remand for an award of benefits is appropriate in this instance as plaintiff clearly has an RFC of sedentary, which due to her age and lack of transferable skills mandates a finding of disabled. The record properly supports such a finding. Accordingly, there is no benefit to be gained from remanding this matter for further consideration and reversal is appropriate.

## CONCLUSION

Accordingly, plaintiff's motion for judgment on the pleadings [DE 16] is GRANTED and defendant's motion for judgment on the pleadings [DE 19] is DENIED. The matter is REMANDED to the Commissioner for an award of benefits.

SO ORDERED, this 3 day of May 2018.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

6